# Law Offices of
# Caleb L. Nichols

P.O. Box 1585
Erie, PA 16507

Office: (814) 838-1877
Fax: (814) 454-6247
nicholscaleb@hotmail.com

November 2, 2011

Honorable Joel H. Slomsky
U.S. District Judge
5614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

RE: *Shell's Disposal and Recycling (v) City of Lancaster, et al.*
(Civil Action, Docket No. 07-3545)

Dear Judge Slomsky:

I write to you at the request of Willie Shell, Sr., owner and principal of the named plaintiff, Shell's Disposal and Recycling, Inc. in the captioned proceeding. Upon review of the case files and docket and seeing that no satisfactory resolution of the dispute has been reached, Mr. Shell requested that I communicate to the Court the request that it give the highest priority of moving this case forward.

In making this request, plaintiff and I are aware of the Court's ruling on Plaintiff's Petition for de novo review of a Report and recommendations of the Magistrate Judge, Carol Sandra Moore Wells. By Order of August 2, 2011, Plaintiff's Petition was determined by the Court to be premature and denied, without prejudice, because Judge Wells had not yet completed the referenced Report and recommendations.

On November 1, 2011, I spoke to Judge Wells by phone and expressed to her Plaintiff's urgency in seeing that the mediation efforts be concluded and that she prepare and make her Report and recommendations to you, expeditiously. Judge Wells stated that she was "hopeful" that the Report and recommendations would be completed by the end of November, 2011.

The plaintiff's effort to convey a sense of urgency to the Court and Judge Wells is motivated by the lapse of time since the case was, upon your Order of February 18, 2009, directed to mediation. Pending before the Court for adjudication are several constitutional and federal claims which plaintiff has lodged against the named defendants, City of Lancaster et al. Now that the efforts at mediation of these claims has proved to be unsuccessful, it is vitally important that plaintiff be allowed to vindicate its claims as the applicable Federal Rules of Civil Procedure and the Local Rules of Civil Procedure of the United States, District of Pennsylvania provide. The disposition of plaintiff's claims by this Court will undoubtedly influence the continued viability of Mr. Shells' business enterprise, the named plaintiff. It is also reasonable to believe that the outcome of those proceedings will affect the disposition of plaintiff's parallel Chapter 11 bankruptcy proceeding in the United States Bankruptcy Court.

On page 2 of defendant's response to plaintiff's Petition dated July 28, 2011, it is said that Judge Wells by Order of January 15, 2010 ordered the subject matter of the mediation settled and closed. The defendant also requested the Court to enforce the terms of the so-called Settlement Agreement.

In complete candor, plaintiff must state that the defendant's assertions and contentions are wholly and categorically indefensible and wrong. First, as plaintiff set forth in its previous Petition for a de novo review, at no time did Mr. Shell, as the owner and principal operator of plaintiff, agree to the terms and conditions set forth in Exhibit A of defendant's Response to Plaintiff's Petition dated July 28, 2011. Thus the so-called Mutual Release and Settlement Agreement is not enforceable.

Second, as plaintiff through its counsel, has previously insisted during a conference call that Judge Wells' charge to mediate the subject claims precluded her from making findings of fact and that the issue whether an enforceable agreement was consummated is a dispositive issue which only this Honorable Court can adjudicate.

This is precisely the reason plaintiff is writing and requesting that you and Judge Wells give priority to plaintiff's request.

In so doing, you will make it possible for plaintiff to express its written objections by identifying the portions of the proposed findings, recommendations, or Report prepared by Judge Wells to which objections are made and the basis for such objections (Fed. R. Civ. P. 72.1 (IV) (b) and the Local Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania). In turn, it is our understanding that this Honorable Court then will accept, reject or modify Judge Wells' proposed findings, recommendation or Report. Unfortunately, Defendant's Response requests this Court to violate and deviate from the established Federal Rules of Civil Procedure as noted above.

We thank you and Judge Wells for taking Plaintiff's request under immediate advisement.

Respectfully submitted,

Caleb L. Nichols
PA Bar No. 18773

CLN/snk
Enclosure